IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVAN CORTES LOPEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOMBAY PIZZA COMPANY, LLC d/b/a BOMBAY PIZZA CO.; BOMBAY PIZZA COMPANY TELFAIR, LLC; SOVIJAI, INC.; VIRAL PATEL and SONALI PATEL,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | C.A. No. ____________________<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ivan Cortes Lopez (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Bombay Pizza Company, LLC d/b/a Bombay Pizza Co.; Bombay Pizza Company Telfair, LLC; Sovijai, Inc.; Viral Patel and Sonali Patel (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

## I. Nature of Suit

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary

for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendants violated the FLSA by failing to pay their nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) per each seven (7) day workweek.

3. Plaintiff brings this collective action under section 16(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid overtime wages. 29 U.S.C. § 216(b).

## II. JURISDICTION & VENUE

4. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III. THE PARTIES

6. Plaintiff Ivan Cortes Lopez is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties, Lopez was engaged in commerce or in the production of goods for commerce. Lopez regularly worked in excess of forty (40) hours per week. However, Lopez did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7. Defendant Bombay Pizza Company, LLC d/b/a Bombay Pizza Co. is a Texas limited liability company that may be served with process by serving its registered agent, Sonali Patel, at 914 Main St., Ste. 105, Houston, Texas 77002. Alternatively, if the registered agent of Bombay Pizza Company, LLC d/b/a Bombay Pizza Co. cannot with reasonable diligence be found at its registered office, Bombay Pizza Company, LLC d/b/a Bombay Pizza Co. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

8. Defendant Bombay Pizza Company Telfair, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Viral Patel, at 12122 Green Glade Dr., Houston, Texas 77099. Alternatively, if the registered agent of Bombay Pizza Company Telfair, LLC cannot with reasonable diligence be found at its registered office, Bombay Pizza Company Telfair, LLC may be served with process by

serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9. Defendant Sovijai, Inc. is a Texas corporation that may be served with process by serving its registered agent, Viral Patel, at 12122 Green Glade Dr., Houston, Texas 77099. Alternatively, if the registered agent of Sovijai, Inc. cannot with reasonable diligence be found at its registered office, Sovijai, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant Viral Patel is an individual who may be served with process at 12122 Green Glade Dr., Houston, Texas 77099 or wherever he may be found. Defendant Viral Patel may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

11. Defendant Sonali Patel is an individual who may be served with process at 914 Main St., Ste. 105, Houston, Texas 77002 or wherever he may be found. Defendant Sonali Patel may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval

of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

13. Defendants Bombay Pizza Company, LLC d/b/a Bombay Pizza Co.; Bombay Pizza Company Telfair, LLC and Sovijai, Inc. (collectively referred to as "Bombay Pizza Co.") own and operate restaurants located in the territorial jurisdiction of this Court.

14. Defendants Viral Patel and Sonali Patel are officers and/or directors and/or managing members of Bombay Pizza Co. As such, they have operational control of Bombay Pizza Co. and/or effectively dominate its administration or otherwise act, or have the power to act, on behalf of Bombay Pizza Co. vis-à-vis its employees. This is includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

15. In connection with their business operations, Defendants collectively employ numerous waiters, waitresses, bartenders, busboys, food runners, cooks, kitchen help, dishwashers, etc.

16. From approximately November 2009 through November 2011, Lopez was employed by Defendants as a cook.

17. Cooks, including Lopez, are responsible for preparing food.

18. Cooks, including Lopez, regularly work in excess of forty (40) hours per week.

19. Defendants do not pay cooks, including Lopez, overtime wages for hours worked in excess of forty (40) per each seven (7) day workweek at a rate of time and one-half as required by the FLSA.

20. Instead, cooks, including Lopez, are paid at their regular rate for all overtime hours worked.

21. On information and belief, these same illegal pay practices were applied to all employees of Defendants who were compensated in the same or similar manner to that of Plaintiff.

## V. COUNT ONE—VIOLATION OF THE FLSA

### A. Defendants Failed to Properly Compensate Plaintiff at the Rate of Time and One-Half for All Overtime Hours Worked.

22. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

23. On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

24. As a nonexempt employee, Plaintiff was legally entitled to be paid at the minimum wage for all hours worked and at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. 29 U.S.C. §§ 206(a), 207(a).

25. Defendants failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

26. Instead, Defendants paid Plaintiff at his straight time rate for all hours worked over forty (40) each workweek in violation of the FLSA.

27. As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid at a rate of time and one-half for hours worked in excess of forty (40) per workweek.

28. In the event that Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiff full overtime wages for hours worked in excess of forty (40) hours per each seven (7) day workweek, as is specifically required by the FLSA.

29. Rather, Defendants knowingly, willfully, and with reckless disregard, carried out his illegal pattern and practice of failing to pay Plaintiff proper overtime wages.

**B. Defendants Failed to Keep Accurate Records of Time Worked.**

30. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

31. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

**C. Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

32. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

33. No exemption excuses Defendants from failing to pay Plaintiff at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

34. Defendants have not made a good faith effort to comply with the FLSA.

35. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## VI. COUNT TWO—COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

37. On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified above in violation of the FLSA.

38. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40) each workweek.

39. Defendants' patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

40. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

41. All employees of Defendants, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly

situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former cooks or any other employee: (1) who worked at any business that was owned, operated, and/or acquired by Defendants during the class period; (2) who were compensated on an hourly basis; and/or (3) who were not properly paid at a rate of time and one-half for hours worked in excess of forty (40) per workweek.

42. Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

## VII. COUNT THREE—FAILURE TO PAY WAGES

43. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

44. Defendants' practice of failing to pay their nonexempt employees overtime compensation at one and one-half times their regular rates for all hours worked in excess of forty (40) each workweek is in direct violation of the FLSA. 29 U.S.C. § 207(a).

45. Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff his full and proper compensation. 29 U.S.C. § 216(b); TEX. LAB. CODE §§ 61.011-61.020.

46. Plaintiff is entitled to payment for all hours worked in excess of forty (40) each workweek in an amount that is one and one-half times his regular rate of pay.

47. Plaintiff is entitled to liquidated damages in an amount equal to his unpaid regular and overtime wages as a result of Defendants' failure to comply with the requirements of the FLSA. 29 U.S.C. § 216(b).

## VIII. JURY REQUEST

48. Plaintiff requests a trial by jury.

## IX. PRAYER

49. WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

b. Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

c. Declare Defendants' violations of the FLSA to be willful;

d. Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

e. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically required by the FLSA;

f. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

g. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

h. Award postjudgment interest as allowed by law;

i. Award costs of court of prosecuting Plaintiff's claims; and

j. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**