UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IVAN CORTEZ LOPEZ,                    §
                                      §
        *Plaintiff*,                  §
                                      §
v.                                    §        CIVIL ACTION H-11-4217
                                      §
BOMBAY PIZZA CO., *et al.*,           §
                                      §
        *Defendants*.                 §

MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Ivan Cortez Lopez's ("Lopez") motion for conditional

certification and notice to potential class members.  Dkt. 27.  Having considered the motion, the

response, the evidence of record, and the applicable law, the court is of the opinion that the motion

should be GRANTED IN PART & DENIED IN PART.

I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case involving overtime compensation.  Lopez

was employed as a cook at defendant Bombay Pizza Company, LLC ("Bombay Pizza") in downtown

Houston from approximately November 2009 through November 2011.  Dkt. 27 at 5 ¶ 16; Dkt. 31,

Ex. G (Lopez's affidavit) at 1 ¶ 3.  He alleges that he frequently worked over forty hours per week

without being paid at an overtime pay rate.  Dkt. 27 at 5–6 ¶¶ 18–20.

Lopez moves for conditional class certification of the group of "[a]ll current and former

cooks or any other nonexempt hourly employees employed by [Bombay Pizza] . . . and who worked

in excess of forty (40) hours in any workweek but who were not paid at one and one-half times their

regular rate."  Dkt. 31 at 13.  Lopez claims that there were seven other cooks who were not paid an

appropriate overtime wage under the defendants' pay practices. Dkt. 31, Ex. G (Lopez's affidavit) at 2 ¶¶ 8–9.

Lopez requests that the court approve a proposed notice to members of the putative class of their right to join this lawsuit for claims of unpaid overtime compensation. Dkt. 31 at 4–5. For the purpose of facilitating delivery of any court-authorized notice, Lopez also requests that the court order defendants to identify each putative class member by name, last known address, social security number, telephone numbers, dates and location(s) of employment, and the nature of employment. Dkt. 31-13 (proposed order) at 2.

Defendants filed a response, stating that they do not oppose conditional certification of a class, but they object to Lopez's proposed class scope and notification procedures. Dkt. 36 at 1 ¶ 1. Specifically, defendants object to a class of all nonexempt employees who were allegedly not paid proper overtime compensation, and defendants object to the employee information Lopez requested for purposes of effecting notice to putative class members. *Id.* at 2–4 ¶¶ 3–9.

## II. ANALYSIS

### A. Legal Standard

Section 207(a)(1) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) also permits an employee to bring suit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing with the court a written consent to become a party. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil

2

Procedure 23; in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt out" of the suit if they do not wish to participate. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or permit notice in a § 216(b) action, most federal courts (including this court) have adopted the *Lusardi* test when deciding these issues.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995) (discussing the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), declining to adopt a specific standard, and finding no abuse of discretion where district court applied the *Lusardi* test), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91, 123 S. Ct. 2148 (2003); *Badgett v. Tex. Taco Cabana, L.P.*, No. H-05-3624, 2006 WL 2934265, at **1-2 (S.D. Tex. Oct. 12, 2006).  Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis.  *Mooney*, 54 F.3d at 1213.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Badgett*, 2006 WL 2934265, at *1.  At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members.  *Id.*  The decision is made using a "fairly lenient standard," because the court often has minimal evidence at this stage of the litigation.  *Id.*  At the notice stage, "courts appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan. . ."  *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded*, 493 U.S. 165, 110 S. Ct. 482 (1989)).  Notice does not issue unless the court conditionally certifies the case as a collective action.

3

*Maynor v. Dow Chem. Co.*, No. G-08-504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008).  If

the district court conditionally certifies a class and authorizes notice, putative class members are

notified of their opportunity to opt in as plaintiffs under § 216(b).  *Mooney*, 54 F.3d at 1214.  The

action then proceeds as a representative action during discovery.  *Badgett*, 2006 WL 2934265, at *1.

During the "decertification stage," the court reexamines the class, usually on motion by the

defendant, after notice has issued, an opt-in period has concluded, and discovery is largely complete.

*Id.* at *2.  If the court finds the claimants are no longer made up of similarly situated persons, it

decertifies the class and dismisses the opt-in plaintiffs without prejudice.  *Id.*  If the class is still

similarly situated, the court allows the action to proceed.  *Id.*

The instant case is at the notice stage.  While the notice stage standard is lenient, certification

is not automatic.  *Badgett*, 2006 WL 2934265, at *2.  The plaintiff bears the burden of making a

preliminary factual showing that a similarly situated group of potential plaintiffs exists.  *Id.*; *see also*

*Hall v. Burk*, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) (stating that "[u]nsupported

assertions of widespread violations are not sufficient to meet Plaintiff's burden").  A court may deny

conditional certification and notice "if the action arises from circumstances purely personal to the

plaintiff, and not from any generally applicable rule, policy, or practice."  *Maynor*, 2008 WL

2220394, at *5 (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La.

2005)).  However, the court "need not find uniformity in each and every aspect of employment to

determine a class of employees are similarly situated."  *Id.* at *7 (quoting *Holbrook v. Smith &*

*Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007)).  The remedial nature of the FLSA and § 216

"militate strongly in favor of allowing cases to proceed collectively."  *Roussell v. Brinker Int'l, Inc.*,

No. H-05-3733, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008).

## B.  Discussion

Defendants first argue that Lopez's proposed class is overbroad, as it includes all cooks and "other nonexempt hourly employees" at Bombay Pizza who worked over forty hours per week and were not paid at an overtime rate at any point in the past three years.  Dkt. 36 at 2–3 ¶¶ 3–5. Defendants contend that the court should limit the conditionally certified class to the employees referenced in Lopez's affidavit, namely "cooks."  *Id.* ¶ 5.  The court agrees.

A finding of similarity does not require a showing of identical duties and working conditions across the entire group.  *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 535 (S.D. Tex. 2008). However, it does require a minimal showing that all members of the class are similarly situated in terms of job requirements and payment practice.  *Id.*  Lopez has not presented competent evidence of a pay practice or plan affecting all nonexempt hourly employees.  Instead, the testimonial evidence presented indicates a pay practice that allegedly affects *cooks* at Bombay Pizza.  *See* Dkt. 31, Ex. G (Lopez's affidavit) at 2 ¶ 8 ("Based on my experience working for Bombay Pizza Company from November 2009 to November 2011, it is my firm belief that the above-described pay practices apply to all employees working as cooks.").  Accordingly, Lopez's proposed notice group is overbroad, and the court will limit the class to individuals who performed the job functions of cooks and were not paid overtime compensation.

Second, defendants argue that they should not be required to provide the following information for potential members of the putative class for notice and disclosure purposes: (1) social security numbers; (2) telephone numbers; (3) dates and location(s) of employment; and (4) nature of employment.  Dkt. 36 at 3 ¶¶ 6–7.  Defendants further object to plaintiff's proposed notice, arguing that the frequent references to potential legal help and exclusion of defense counsel's

telephone number are improper for a notice on conditional class certification. *Id.* at 4 ¶¶ 8–9. The court agrees.

At the conditional certification stage, discovery of the names and addresses of potential class members is appropriate. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (holding that discovery of the names and addresses of potential class members is proper for a collective action). However, Lopez has not demonstrated any need for the additional information at this stage of this case. Thus, defendants must produce only the names and addresses of putative class members, insofar as the class has been restricted by this order.

Lastly, regarding defendants' objections to notice contents, the proposed notice should merely provide background information and an opportunity to join the class, with complete contact data for both parties' counsel, but the notice should not serve as tacit encouragement of other litigation.

## III. CONCLUSION

For the reasons set forth above, Lopez's motion for conditional class certification and expedited discovery (Dkt. 31) is GRANTED IN PART & DENIED IN PART.

It is further ORDERED that plaintiff Ivan Cortes Lopez is hereby appointed as class representative, and the law firm of Moore & Associates is hereby appointed as class counsel.

It is further ORDERED that, within fourteen (14) days from the entry of this order, defendants are to provide to plaintiff, in both printed hard-copy and computer-readable format, the following information for all individuals employed by defendants as "cooks" (or who were performing the job functions of a "cook") who were not paid for hours worked over forty (40) in any workweek at 1.5 times their regular rate for the three (3) years immediately preceding the entry of this order through the present:

6

(1) full names; and

(2) last known addresses.

It is further ORDERED that the information above shall be produced together with an affidavit, based on the attached Exhibit N to Lopez's motion for class certification and expedited discovery, executed by defendants' representative. The executed affidavit need not disclose putative class members' tenure, social security numbers, dates of birth, or telephone numbers.

It is further ORDERED that the proposed notice, attached as Exhibit M to Lopez's motion for class certification and expedited discovery, shall be modified prior to dissemination to potential class members. The parties shall confer to develop mutually agreed notice and consent forms that conform to the terms of this memorandum opinion and order. And within fourteen (14) days of the entry of this order, the agreed forms shall be filed for approval by the court, along with a proposed order for approving the forms.

It is further ORDERED that, upon the court's approval of notice and consent forms, the mailing of these forms to each putative class member shall include a return addressed, postage-paid envelope. Putative class members will have sixty-three (63) days after the postmark date of plaintiff's mailing to execute the consent and return it to Lopez's counsel for filing with the court. A putative class member's submission of an executed consent to plaintiff's counsel is untimely if it is postmarked after the sixty-three day deadline.

It is so ORDERED.

Signed at Houston, Texas on November 5, 2012.

Gray H. Miller
United States District Judge